UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TYRONE HINES,

                              Petitioner,

                v.                                        5:99-CV-1582
                                                                                  (FJS)
UNITED STATES OF AMERICA,                  5:94-CR-150
                                                                                  (Related criminal action)

                              Respondent.
_____

**APPEARANCES**                                     **OF COUNSEL**

**TYRONE HINES**
**05635-052**
U.S. Penitentiary
P.O. Box 1000
Lewisburg, Pennsylvania 17837
Petitioner *pro se*

**OFFICE OF THE UNITED**                 **GRANT C. JAQUITH, AUSA**
**STATES ATTORNEY**
James T. Foley U.S. Courthouse
445 Broadway, Room 231
Albany, New York 12207-2924
Attorneys for Respondent

**SCULLIN, Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. BACKGROUND

      On November 14, 1994, Petitioner Tyrone Hines pled guilty to the seventh count in a multi-count indictment which a federal grand jury sitting in the Northern District of New York had returned against him and others. *See United States v. Hines*, No. 5:94-CR-150 (N.D.N.Y.)

("Action No. 94-CR-150"), Dkt. No. 232.[1] On May 9, 1995, this Court sentenced Petitioner to a term of life imprisonment on his CCE conviction. *See id.,* Dkt. No. 344. Petitioner appealed that sentence; and, on February 26, 1996, the Second Circuit denied his appeal and affirmed the life sentence in an unpublished decision. *See United States v. Shelton*, 100 F.3d 944 (2d Cir. 1996). Thereafter, the Supreme Court denied Petitioner's application for a writ of certiorari. *See Hines v. United States*, 519 U.S. 843 (1996).

On September 29, 1999, Petitioner filed a Motion to Vacate, Set Aside or Correct his sentence pursuant to 28 U.S.C. § 2255. *See Hines v. United States*, No. 5:99-CV-1582 ("Action No. 99-CV-1582"), Dkt. No. 1. On January 28, 2001, this Court issued a Decision and Order, in which it denied that application. *See id.*, Dkt. No. 11 ("January 2001 Order"). The Second Circuit affirmed that decision in an unpublished order issued on May 29, 2003, *see Hines v. United States*, 66 Fed. Appx. 257 (2d Cir. May 29, 2003); and the Supreme Court denied Petitioner's application for certiorari review of that decision, *see Hines v. United States*, 540 U.S. 1205 (2004).

Currently before the Court is Petitioner's Motion for Relief From Judgment or Order, pursuant to Rule 60(b)(4), (5) and (6) of the Federal Rules of Civil Procedure.[2] *See* Action No.

---

[1] In his plea agreement, Petitioner admitted that he occupied a position as an organizer, supervisor and manager over a Continuing Criminal Enterprise that intended to distribute and distributed cocaine and crack cocaine ("CCE conviction"). *See* Plea Agreement, Action No. 94-CR-150, Dkt. No. 233, at ¶¶ 3-4.

[2] "Rule 60(b)(4) gives the court authority to grant relief from a final judgment when 'the judgment is void.'" *Harris v. United States*, 357 F. Supp. 2d 524, 526 (N.D.N.Y. 2005) (quoting Fed. R. Civ. P. 60(b)(4)). A judgment is void within the meaning of Rule 60(b)(4) "'only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'" *Mangano v. United States*, No. 98-CV-4970,
(continued...)

99-CV-1582, Dkt. No. 24. Petitioner has attached a memorandum of law to that application. *See* Attachment to Rule 60(b) Motion ("Supporting Mem.").

In support of his Rule 60(b) motion, Petitioner argues that his conviction and/or sentence is invalid in light of the Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004).[3] Petitioner asserts several theories in

---

[2](...continued)
2005 WL 1606377, *2 n.1 (E.D.N.Y. July 8, 2005) (quotation omitted).

"Under Rule 60(b)(5), a party may be relieved from a judgment if 'a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application.'" *Harris*, 357 F. Supp. 2d at 526 (quoting Fed. R. Civ. P. 60(b)(5)); *see also Mangano*, 2005 WL 1606377, at *2 n.1 (quotation omitted).

Finally, applications for relief under Rule 60(b)(6) are "predicated on 'any other reason justifying relief.'" *United States v. Stonner*, No. 97-CV-571, 1999 WL 123594, *1 (N.D.N.Y. Feb. 23, 1999) (quoting Fed. R. Civ. P. 60(b)(6)). However, courts have consistently held that a petitioner may not properly seek relief from an order denying a § 2255 motion under Rule 60(b)(6) where the petitioner alternatively seeks the same relief pursuant to other provisions of that Rule. As the court noted in *Eubanks v. United States*, Nos. 92 CR. 392, 97 CIV. 3891, 2005 WL 1949474 (S.D.N.Y. Aug. 11, 2005),

> [c]ourts have repeatedly interpreted the language of Rule 60(b)(6), specifically the phrase "other reason" to mean "reasons other than those covered by subsections (1) through (5)." *See Grullon*, 2004 WL 1900340, at *5; *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986) (stating that Rule 60(b)(6) may only be used when no other subsection is available).

*Id.* at *4; *see also New York v. Green*, 420 F.3d 99, 108 n.3 (2d Cir. 2005) ("motions under Rule 60(b)(6) . . . are proper only where the asserted grounds for relief are not recognized in the other clauses of Rule 60(b)" (citations omitted)).

[3] Petitioner has not clearly indicated whether he is challenging his underlying criminal conviction or the sentence that this Court imposed on him as a result of his guilty plea. In his supporting memorandum, Petitioner initially claims that his conviction is invalid. *See* Supporting Mem. at iii ("Petitioner asserts that his conviction is invalid under the Federal Constitution"). Petitioner reiterates this same argument toward the end of his supporting

(continued...)

support of this argument. Initially, he claims that his conviction is invalid because the Supreme Court's holdings in *Apprendi* and *Blakely* establish that his attorney, the prosecutor and this Court failed to "understand [the] essential elements of the crime to which [Petitioner] was charged [sic]." *See* Supporting Mem. at iii. Petitioner next argues that his "lack of knowledge" regarding the elements of the count in the Indictment to which he pled guilty "robbed him of the opportunity to make a reasonable informed decision as to whether to enter a guilty plea." *See id.* at iv. Similarly, Petitioner argues that "[t]his lack of knowledge . . . prevented counsel . . . from offering his informed opinion as to what plea should be entered. And therefore, rendered counsel's performance constitutionally ineffective . . . ." *See id.* Petitioner further contends that his sentence is "unconstitutional" because it was "based upon facts not encompassed within the jury's verdict, and beyond the maximum permitted by that verdict . . . ."[4] *See id.* at 3. Thus, Petitioner argues that this Court must retroactively apply the holding of *Blakely* to his benefit, *see* Supporting Mem. at 5-10, and seems to claim that his underlying criminal conviction is invalid under *Blakely* because he was "denied a right to a jury trial and due process of law" in the

---

[3](...continued)
memorandum when he asserts that the United States Sentencing Guidelines are unconstitutional and that, therefore, "any indictment charging conspiracy and possession with intent to distribute an unspecified amount of a controlled substance . . . is void, and in violation of Due Process." *See id.* at 11. However, Petitioner also claims in his supporting memorandum that he is **not** seeking to invalidate the judgment of conviction but, rather, merely the sentence that this Court imposed on him. *See id.* at 2 ("Petitioner is not seeking to invalidate the Judgment of Conviction"). In light of this ambiguity, the Court has liberally construed Petitioner's Rule 60(b) motion as one challenging the propriety of both his conviction and his sentence.

[4] The basis for this theory is unclear because Petitioner pled guilty to the crime for which he is currently incarcerated. *See* Action No. 94-CR-150, Dkt. Nos. 232-233; *see also* January 2001 Order at 2-3. Therefore, Petitioner was never tried before a jury on the charges contained in the Indictment.

underlying criminal matter.  *See id.* at 9 (citations omitted).  Finally, Petitioner contends that the Indictment to which he pled guilty is void under *Blakely*, *see* Supporting Mem. at 11, and that, as a result, the Court must set aside his conviction.  *See id.* at 11-13.

## II. DISCUSSION

In *Harris v. United States*, 367 F.3d 74 (2d Cir. 2004), the Second Circuit noted that federal district courts must examine Rule 60(b) motions filed in the context of § 2255 applications in order to ascertain whether the claims asserted therein "'relate[] to the integrity of the federal habeas proceeding [or] the integrity of the . . . criminal trial.'"  *Id.* at 80 (quotation omitted); *see also Gitten v. United States*, 311 F.3d 529, 531-32 (2d Cir. 2002)).  Where the Rule 60(b) application challenges determinations made in the underlying criminal matter rather than the prior habeas proceeding, the Rule 60(b) motion "is in actuality a § 2255 petition and must meet the criteria set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")."  *Harris v. United States*, 357 F. Supp. 2d 524, 527 (N.D.N.Y. 2005) (footnote omitted); *see also Brooks v. United States*, No. CV-99-2855, 2005 WL 2076565, *6 (E.D.N.Y. Aug. 26, 2005).

It is clear from Petitioner's submissions that he is challenging the propriety of his conviction and/or sentence in the underlying criminal matter rather than the integrity of the civil proceedings related to Action No. 99-CV-1582.  *See* Supporting Mem. at iii, 11 (Petitioner's challenges to the propriety of his underlying criminal conviction); *id.* at 2 (Petitioner's challenge to the sentence that the Court imposed upon him).  Thus, it is proper for the Court to consider Petitioner's application as a second or successive § 2255 petition; and, therefore, he must satisfy

the criteria set forth in the AEDPA relating to such applications, including the requirement that, prior to pursuing a second or successive § 2255 application, he "must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it." *Harris*, 357 F. Supp. 2d at 527 (citing 28 U.S.C. § 2255; 28 U.S.C. § 2244(b)(3)(A)) (footnote omitted); *Brooks*, 2005 WL 2076565, at *6 (where the petitioner filed a Rule 60(b) motion challenging the underlying criminal proceeding, the court required him to obtain "the authorization of the Second Circuit Court of Appeals for leave to file a second or successive § 2255 petition" (footnote omitted)).

Ordinarily, "when a petitioner ignores the 1996 amendment [to § 2255] by filing a second or successive § 2255 petition without first obtaining [Court of Appeals'] authorization, 'the district court should transfer the petition or motion to [the Second Circuit] in the interest of justice.'" *Corrao v. United States*, 152 F.3d 188, 190 (2d Cir. 1998) (quoting *Liriano*, 95 F.3d at 123). However, where a district court concludes that a Rule 60(b) motion should be construed as a second or successive § 2255 motion, transferring the Rule 60(b) motion to the Second Circuit without notice to the petitioner "risks adverse consequences that [the petitioner] might wish to avoid." *Gitten*, 311 F.3d at 533. Specifically, the *Gitten* court noted that such a *sua sponte* transfer without prior notice to the petitioner might have the following adverse consequences:

> First, the converted portion of his motion will be tested against the strict gate-keeping standards before he has framed his allegedly new challenges in a way that presents his best chance of meeting those standards. The risk is that a portion of his motion perhaps never intended to be a second or successive collateral attack will be summarily rejected by this Court, whereas a properly crafted second collateral attack might have survived gate-keeping scrutiny. Second, premature treatment of the converted portion of the 60(b) motion as a second collateral attack risks subjecting the prisoner

> not only to summary denial of that challenge but also to summary denial of any subsequent (i.e., third) challenge as an abuse of the writ.

*Gitten*, 311 F.3d at 533.

The *Gitten* court further noted that a proper means for a district court to address a Rule 60(b) motion, which in reality is a second or successive § 2255 motion, is to "simply deny[], as beyond the scope of Rule 60(b), . . . the portion believed to present new attacks on the conviction." *Id.* at 534.

Since Petitioner's entire Rule 60(b) motion is properly considered a second or successive motion under § 2255, whether viewed as one challenging the sentence that this Court imposed on him or one contesting his underlying conviction, this Court denies Petitioner's Rule 60(b) motion on the ground that it is beyond the scope of Rule 60(b).[5] *See Gitten*, 311 F.3d at 534; *see also Harris*, 357 F. Supp. 2d at 529; *Brooks*, 2005 WL 2076565, at *6.[6]

---

[5] The Court notes that, even if Petitioner's application had been a proper Rule 60 motion for relief from judgment or order, the Court would have denied the request because the law in this Circuit clearly provides that a district court may not properly apply either *Blakely*, or the Supreme Court's more recent decision squarely addressing the constitutionality of the United States Sentencing Guidelines, *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738 (2005), retroactively in the context of a § 2255 motion. *See, e.g., Guzman v. United States*, 404 F.3d 139, 144 (2d Cir.) ("*Booker* is not retroactive, *i.e.*, it does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005"), *cert. denied*, ___ S. Ct. ___, 2005 WL 3144193 (2005); *Green v. United States*, 397 F.3d 101, 103 (2d Cir. 2005) (neither *Booker* nor *Blakely* applies retroactively to a petitioner's application to file a second or successive petition (citation omitted)); *Barrett v. United States*, Nos. 04-CV-848, 95-CR-232, 2005 WL 1520849, *9 (N.D.N.Y. June 27, 2005) (*Booker* not retroactive to action brought pursuant to 28 U.S.C. § 2255); *United States v. Cedeno*, Nos. 02 CR. 1359-2, 05 Civ. 1846, 2005 WL 2218046, *4 (S.D.N.Y. Sept. 13, 2005) (neither *Blakely* nor *Booker* applies retroactively to § 2255 petitions (citations omitted)).

[6] Petitioner may, of course, choose to file an application with the Second Circuit for permission to file a second or successive § 2255 motion pursuant to 28 U.S.C. § 2244(b)(3)(A) in

(continued...)

### III. CONCLUSION

Accordingly, for the above-stated reasons, the Court hereby

**ORDERS** that Petitioner's Rule 60(b) motion is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Order on the parties by electronic or regular mail.

**IT IS SO ORDERED.**

Dated: January 3, 2006
       Syracuse, New York

                                        _____
                                        Frederick J. Scullin, Jr.
                                        Chief United States District Court Judge

---

    [6](...continued)
which he refers to the claims he has raised in his Rule 60(b) motion. *See Gitten*, 311 F.3d at 533-34.