**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

|  |  |
|---|---|
| **v.** | **5:94-CR-150** |
|  | **(FJS)** |
| **TYRONE L. HINES,** | **5:99-CV-1582** |
|  | **(FJS)** |

*Defendant,*
_____

| APPEARANCES | OF COUNSEL |
|---|---|
| **OFFICE OF THE UNITED** | **GRANT C. JAQUITH, AUSA** |
| **STATES ATTORNEY** | |

James T. Foley U.S. Courthouse
445 Broadway, Room 218
Albany, New York 12207-2924
Attorneys for the United States

**TYRONE L. HINES**
**05635-052**
Ray Brook
Federal Correctional Institution
P.O. Box 900
Ray Brook, New York 12977
Defendant *pro se*

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On November 14, 1994, pursuant to a plea agreement, Defendant Tyrone Hines pled

guilty to engaging in a continuing criminal enterprise ("CCE") involving the distribution of

cocaine and crack cocaine, in violation of 21 U.S.C. § 848. *See Hines v. United States*, No. 5:94-

CR-150, 2006 WL 13013, *1 (N.D.N.Y. Jan. 3, 2006) ("*Hines III*") (citing *United States v. Hines*, No. 5:94-CR-150 (N.D.N.Y.) Dkt. No. 232.1) ("*Hines I*")).  The plea agreement indicated that the jail sentence specified for the CCE count was life imprisonment, pursuant to subsection (b) of § 848.  However, the Government agreed to make a motion for a downward departure, pursuant to 18 U.S.C. § 3553(e), if Defendant rendered substantial assistance in the prosecution of co-defendant Shelton.  Defendant violated the terms of the plea agreement when, on February 4, 1995, he escaped from custody.   Therefore, at Defendant's sentencing on May 9, 1995, the Government declined to move for a downward departure. As a result, this Court reluctantly imposed a mandatory life sentence as § 848(b) required.  *See generally Hines v. United States*, 66 F. App'x 257, 258 (2d Cir. 2003) ("*Hines II*").

On September 29, 1999, Defendant filed a motion pursuant to 28 U.S.C. § 2255 to vacate his sentence.  This Court denied Defendant's motion, and the Second Circuit affirmed. *See id.* Subsequently, on December 6, 2005, Defendant filed a motion purportedly seeking relief pursuant to Rule 60 of the Federal Rules of Civil Procedure.  Ruling on that motion, this Court held that, because the "entire Rule 60(b) motion is properly considered a second or successive motion under § 2255, whether viewed as one challenging the sentence that this Court imposed on him or one contesting his underlying conviction, this Court denies Defendant's Rule 60(b) motion on the ground that it is beyond the scope of Rule 60(b)."  *Hines III*, 2006 WL 13013, at *3.

Pending before the Court are Defendant's motion to vacate his judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure, *see generally* 5:99-CV-1582, Dkt. No. 36, and his motion for relief from his life sentence pursuant to the "*Holloway* Doctrine," *see generally* 5:94-

- 2 -

CR-150, Dkt. No. 543.  The Government opposes both motions.  *See* 5:99-CV-1582, Dkt. No. 37

(Rule 60); 5:94-CR-150, Dkt. No. 556 ("*Holloway* Doctrine").


### III. DISCUSSION

**A. Defendant's motion under Rule 60(b)[1]**

Defendant argues that it is appropriate to reconsider an earlier decision when confronted

with an intervening change of controlling law.  *See* Dkt. No. 36 at 2.  According to Defendant,

*Alleyne* mandated that any fact, other than the fact of a prior conviction, which increases a

mandatory minimum sentence "'is an 'element' that must be submitted to the jury and found

beyond a reasonable doubt.'"  *See id*. at 6 (quoting *Alleyne*, 133 S. Ct. at 2155).  Defendant

argues that he was *sentenced* under 21 U.S.C. § 848(b), which imposes a mandatory minimum

life sentence, although he was only *indicted* under 21 U.S.C. § 848(a), which imposes a sentence

of 20 years to life.  *See* Dkt. No. 38 at 7.  Therefore, Defendant argues that, because the

Indictment did not include the aggravating facts required to convict under 21 U.S.C. § 848(b),

his sentence was unjust under *Alleyne*; and, therefore, the Court should set aside his conviction.

*See id*.

"A . . . Rule 60(b) motion must be predicated on one of five narrow and specific grounds

or on a sixth ground which, despite its open wording, has been narrowly cabined . . . ."  *Harris v.*

*United States*, 367 F.3d 74, 80 (2d Cir. 2004).  These grounds include the following:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered
> evidence that, with reasonable diligence, could not have been discovered in time
> to move for a new trial under Rule 59(b); (3) fraud (whether previously called
> intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4)
> the judgment is void; (5) the judgment has been satisfied, released, or discharged;

---

[1] All references to docket entries in this section refer to 5:99-CV-1582.

it is based on an earlier judgment that has been reversed or vacated; or applying it
prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Although Defendant does not specifically state on which subsection he relies, it appears that he is
moving under subsection (b)(6).[2] *See generally* Dkt. No. 36.

As noted, Rule 60(b)(6) allows a court to "relieve a party . . . from a final judgment . . .
for . . . any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "Generally, '[i]t is well
established . . . that a "proper case" for Rule 60(b)(6) relief is only one of "extraordinary
circumstances," or "extreme hardship."'" *Harris*, 367 F.3d at 81 (quotation and footnote
omitted). Furthermore, "relief under Rule 60(b) is available for a previous habeas proceeding
only when the Rule 60(b) motion attacks the integrity of the previous habeas proceeding rather
than the underlying criminal conviction." *Harris*, 367 F.3d at 77.

Defendant argues "that the newly issued *Alleyne* decision constitutes extraordinary
circumstances sufficient to re-open a final judgment under Rule 60(b)." *See* Dkt. No. 36 at 12.
Defendant asserts that he is not challenging the underlying conviction but, rather, is asking the
Court to re-open his previous habeas proceeding so the Court can retroactively apply *Alleyne*.
*See id.* In other words, Defendant claims that a substantive change in the law can be a basis for

---

[2] To the extent that Defendant could be moving pursuant to Rule 60(b)(4), his claim lacks merit.
Rule 60(b)(4) allows relief from a final judgment if "the judgment is void." Fed. R. Civ. P.
60(b)(4). "A judgment is not void 'simply because it is or may have been erroneous.'" *Graves v.
Phillips*, 531 F. App'x 27, 29 (2d Cir. 2013) (summary order) (quoting *United Student Aid
Funds, Inc. v. Espinosa*, 559 U.S. 260, 270, 130 S. Ct. 1367, 176 L. Ed. 2d 158 (2010)).
"Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a
certain type of jurisdictional error or on a violation of due process that deprives a party of notice
or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271
(2010) (citations omitted). Defendant generally asserts that his due process rights were violated
because the Government did not have to prove every element of the crime charged beyond a
reasonable doubt. *See generally* Dkt. No. 36. However, assuming arguendo that this argument is
valid, this line of reasoning fails because it only concerns his actual sentence and is thus beyond
the scope of a Rule 60(b) motion.

granting a Rule 60(b) motion to overturn a final judgment denying habeas relief. *See id*. at 12-14 (citing *Phelps v. Alameida*, 569 F.3d 1120 (9th Cir. 2009)).

Defendant's fundamental problem, however, is that *Alleyne* does not constitute a basis for a collateral attack. The Second Circuit has explicitly held that "*Alleyne* did not announce a new rule of law made retroactive on collateral review." *United States v. Redd*, 735 F.3d 88, 92 (2d Cir. 2013). Thus, re-opening the habeas proceeding, which is the only relief Rule 60(b) can provide, would result in a swift dismissal due to the inapplicability of *Alleyne* on collateral review. Therefore, the Court denies Defendant's Rule 60(b) motion.

## B. Defendant's motion pursuant to the "*Holloway* Doctrine"[3]

Defendant objects to his continued incarceration and principally relies on the "*Holloway* Doctrine" to argue that his sentence is unconscionable and that the Court should take action. The "*Holloway* Doctrine" was born in the case *United States v. Holloway*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014), and, according to Defendant, announces "a judicial trend toward reducing long sentences that are unjust." *See* Dkt. No. 545 at 2. However, as the Government asserts and Defendant recognizes, the "*Holloway* Doctrine" is not really a doctrine,[4] but instead is an exercise in fairness by which a court may request that the United States Attorney's office consider a reduction in sentence. *See Holloway*, 68 F. Supp. 3d at 314.

In *Holloway*, the defendant was convicted of three counts of carjacking and sentenced to 151 months in prison for those counts. *See id.* at 312. He was also convicted of three crimes of

---

[3] All references to docket entries in this section refer to 5:94-CR-150.

[4] According to Black's Law Dictionary, "doctrine" is defined as "[a] principle, esp. a legal principle, that is widely adhered to." *Black's Law Dictionary* 518 (8th ed. 2004).

violence under 18 U.S.C. § 924(c), having committed the carjacking at gunpoint.  *See id*.  The

first § 924(c) conviction carried a mandatory 5-year sentence, and each of the subsequent

§ 924(c) convictions carried a mandatory sentence of 20 years.  *See id*.  Statute required that the

§ 924(c) sentences run consecutively to each other and to the carjacking sentence.  *See id*.

Therefore, the defendant's total prison term was 151 months plus 45 years, or 57 years and 7

months.  *See id*.

      Recognizing the injustice of the disproportionately long sentence it was forced to impose,

the court in *Holloway* filed an order directing the United States Attorney to consider exercising

"her discretion to permit the court to reopen the sentence in this case to do justice." *See id.* at

314-15 (citing *Holloway v. United States*, No. 01-CV-1017, 2014 WL 1942923 (E.D.N.Y. May

14, 2014)).  Subsequently, the defendant moved to reopen his § 2255 proceeding under Rule

60(b) of the Federal Rules of Civil Procedure; and, approximately twenty years after he began

serving his sentence, the Government withdrew its opposition to his Rule 60(b) motion and

indicated that it would not oppose the reopened § 2255 motion for the purpose of vesting the

court with the authority to vacate two of the defendant's § 924(c) convictions.  *See id*. at 314-16

(in the court's words, the Government's agreement "authorized [the court] to give Holloway back

more than 30 years of his life").

      Defendants have attempted to obtain relief using the so-called "*Holloway* Doctrine" with

varying degrees of success.  To support his argument, Defendant cites several district court cases

in which the courts have applied the "*Holloway* Doctrine" in favor of the defendant.  First,

Defendant cites *United States v. Rivera*, Nos. 83-00096-01-CR, 83-00138-02-CR (E.D. Okla.

Sept. 15, 2015),[5] in which the district court vacated the defendant's sentence after the government chose not to oppose his motion under the "*Holloway* Doctrine." *See* Dkt. No. 534 at 12.

Defendant also discusses *United States v. Trader*, No. 04-680-06, 2015 WL 4941820 (E.D. Pa. Aug. 19, 2015), in which the district court, in denying the defendant's motion to vacate under § 2255, discussed its reservations with the ultimate sentence it was forced to impose. *See* Dkt. No. 545 at 2 (citing *Trader*, 2015 WL 4941820, at *16). Defendant points out that the court in *Trader* called on the appropriate officials in the United States Attorney's office "to withdraw the § 851 Information so that the Court may impose a sentence on defendant Tyrone Trader that better serves the interests of justice." *See id.* (citing *Trader*, 2015 WL 4941820, at *16).[6]

Furthermore, Defendant cites *United States v. Ezell*, No. 02-815-01, 2015 U.S. Dist. LEXIS 109814 (E.D. Pa. Aug. 18, 2015), in which the district court again called on the government to "'consider pursuing a joint motion of the parties to reduce Ezell's sentence to a term of imprisonment that would better serve the interests of justice.'" *See* Dkt. No. 545 at 3 (quoting *Ezell*, 2015 U.S. Dist. LEXIS 109814, at *39).[7]

_____

[5] Decision available at: http://clemencyreport.org/wp-content/uploads/2015/09/Order.pdf (last visited Apr. 11, 2017).

[6] The defendant in *Trader* was convicted after a jury trial of, among other things, participating in a conspiracy to distribute more than five kilograms of cocaine in Philadelphia and Delaware Counties from July 2003 through October 2004, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Before trial, the Government filed an information pursuant to 21 U.S.C. § 851, charging that the defendant had two prior felony drug convictions. After the defendant was found guilty at trial, the court was required to apply a mandatory minimum of life imprisonment due to the two prior felonies.

[7] The defendant in *Ezell* was convicted of six counts of violating § 924(c), which carried a mandatory sentence of five years, which was increased to seven years if the defendant "brandished" a firearm. The court sentenced the defendant to seven years on the first § 924(c) count, given the court's determination that the defendant had brandished the firearm during the

Finally, Defendant cites *United States v. Washington*, No. 11-cr-605, 2014 U.S. Dist. LEXIS 134666 (S.D.N.Y. July 31, 2014), in which the district court stated,

> "The court is left with the definite impression that a fifty-two-year sentence is
> unnecessary and unjust.  Nevertheless, in this regard, the court is powerless to do
> more than admonish, and can merely ask that the prosecutors involved in this case
> -- at all levels -- consider whether this is a sentence and an exercise of
> prosecutorial discretion worthy of the public's trust and confidence.  Is it a
> sentence of which they will be proud -- next month and decades from now?  Is
> this a sentence that will promote respect for the law and the nation?  Ultimately,
> these are questions only they can answer, but how they respond clearly has
> implications for defendant and for all who share George Washington's belief that
> 'the due administration of justice is the firmest pillar of good government.'  Letter
> from President George Washington to Attorney Gen. Edmund Randolph (Sept 28,
> 1789) (on file with the [L]ibrary of [C]ongress)."

*See* Dkt. No 545 at 4 (quoting *Washington*, 2014 U.S. Dist. LEXIS 134666, at *33-*34).

Notwithstanding these cases, more often than not, courts have viewed the "doctrine" as an outlier and rejected the defendant's reliance on *Holloway*.  *See United States v. Sumner*, __ F. Supp. 3d ___, No. 00cr383-01, 2016 WL 5415608 (D.D.C. Sept. 28, 2016); *Brown v. United States*, No. 1:00-CR-290, 2016 WL 4745822 (N.D. Ohio Sept. 13, 2016); *Buitrago v. United States*, No. 1:96-cr-00067, 2016 WL 4366486 (S.D. Fla. Aug. 16, 2016); *Casado v. United States*, No. 1:99-cr-00125, 2016 WL 4196659  (S.D. Fla. Aug. 9, 2016); *Slade v. United States*, Nos. 4:08-CR-3-FL, 4:13-CV-132-FL, 2016 WL 3911918 (E.D.N.C. July 15, 2016); *Acuna v. United States*, No. 07-00615, 2016 WL 3747531 (D. Haw. July 8, 2016); *Wade v. United States*, Nos. JKB-15-3372, JKB-77-0565, 2015 WL 7732834 (D. Md. Nov. 30, 2015); *Glover v. United States*, Nos. 7:15-cv-08006-LSC, 7:10-cr-00234-LSC-SGC-1, 2015 WL 4075149 (N.D. Ala. July 1, 2015).

---

robbery.  *See Ezell*, 2015 U.S. Dist. LEXIS 109814, at *7.  On each of the five other § 924(c) counts, the court imposed the mandatory statutory sentence of 25 years for a second or subsequent § 924(c) conviction.  *See id*.  The six § 924(c) convictions thus resulted in a term of 132 years of imprisonment.  *See id*.

All of the above-cited cases have one thing in common, however, they all recognize that the "*Holloway* Doctrine" is not borne from precedent, statute, or any other authoritative source. Indeed, its application does not result in any relief because a court cannot independently alter a sentence without complying with 18 U.S.C. § 3582(c).[8]  *See, e.g, Holloway*, 68 F. Supp. 3d at 316 (stating that "the authority exercised in this case will be used only as often as the Department of Justice itself chooses to exercise it, which will no doubt be sparingly").  Rather, the "*Holloway* Doctrine" represents a plea for justice, fairness, and mercy based on the facts of each individual case.

Nevertheless, the Court recognizes that the similarities between Defendant's case and those of the defendants in *Holloway* and other cases in which the courts have requested that the United States Attorney's Office agree to a reduced sentence counsel in favor of advocating for relief on Defendant's behalf.  First, Defendant has established an exemplary record while incarcerated despite having no hope that he would ever be released.  In that regard, Defendant has received only one disciplinary report in 1996, and that was at the beginning of his sentence. *See* Dkt. No 543 at 3.  In addition, he has been employed in UNICOR since 1996.  *See id*. Furthermore, Defendant has "demonstrated a deep desire to work with community leaders to help save misguided young people from premature death and imprisonment."  *See id.*  For example, Defendant founded the "Stop the Violence" yellow ribbon campaign in Syracuse.  *See*

---

[8] A district court has limited power to modify a sentence once it has been imposed. *See* 18 U.S.C. § 3582(c).  There are, however, three exceptions: (1) upon motion by the Director of the Bureau of Prisons; (2) when expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure; or (3) where the applicable sentencing guideline range has been subsequently lowered by the Sentencing Commission.  *See id*.  None of these apply to Defendant's case; rather, he appeals to this "Court and the United States Attorney's Office to consider exercising their discretion to agree to an order vacating Petitioner's § 848(b) mandatory life sentence so he could face a more just resentencing under 21 U.S.C. § 848(a)."  *See* Dkt. No. 543 at 1.  However, as the Defendant recognizes, the Court cannot unilaterally grant him the relief he seeks.

*id.* He also helped found a program called "CEASE FIRE," which seeks to provide guidance and advice to young people to avoid delinquency, drug use, violence, and incarceration. *See id.* Moreover, Defendant is working with a Syracuse filmmaker to make a movie about his life. *See id.* at 4. Finally, Defendant has completed his GED and a variety of other professional development courses while incarcerated. *See id.* at 4-5.

In addition, like the courts in *Holloway, Washington, Trader,* and *Ezell*, this Court was very reluctant to sentence Defendant to life imprisonment as the Court's statement during sentencing evidences: "the only reason [the Court] is imposing this sentence is because it is mandated by statute". *See* Dkt. No. 543 at 7. Indeed, the mandatory nature of Defendant's sentence, as well as its length, is what distinguishes his case from many of the cases in which various courts have declined to request that the United States Attorney consider whether the defendant's sentence "will promote respect for the law and the nation." *Washington*, 2014 U.S. Dist. LEXIS 134666, at *34; s*ee also, e.g., Sumner*, 2016 WL 5415608 (25 years, not mandatory); *Brown*, 2016 WL 4745822 (262 months, not mandatory); *Slade*, 2016 WL 3911918 (293 months, not mandatory); *Acuna*, 2016 WL 3747531 (32 years, not mandatory); *Wade*, 2015 WL 7732834 (25 years, not mandatory); *Glover*, 2015 WL 4075149 (160 months, not mandatory). *But see Buitrago*, 2016 WL 4366486 (prosecution under § 848(a) to life, but not mandatory); *Casado*, 2016 WL 4196659 (mandatory life sentence under § 848(b)).

No doubt Defendant's crimes harmed individuals, destroyed families, and made the streets of Syracuse more dangerous; but he has spent more than 20 years in jail and shown evidence of rehabilitation. In light of Defendant's positive behavioral record, the significant time he has already served, the aggregate utility of Defendant's future outside of jail, and the

mandatory nature of his life sentence, the Court is convinced that this case warrants the Court's attempt to intervene.

In this regard, the Court strongly urges the Government to consider withdrawing its opposition to Defendant's Rule 60(b) motion to reopen his § 2255 motion and not opposing vesting the Court with authority to reconsider sentencing Defendant pursuant to 21 U.S.C. § 848(a). If the Government agrees, Defendant would not necessarily be released, but rather the Court and the parties would have an opportunity to reconsider the appropriate prison term without the shackles of being forced to apply a mandatory life sentence. The Court encourages the Government to take a serious look at Defendant's case and consider whether keeping him behind bars, not just in the immediate future, but for the rest of his life, serves the interest of justice and promotes respect for the law.

In any event, because the Court cannot independently reduce his sentence, it must deny his motion pursuant to the "*Holloway* Doctrine."

## IV. CONCLUSION

Having reviewed the entire file in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion pursuant to Rule 60(b), *see* 5:99-CV-1582, Dkt. No. 36, is **DENIED** without prejudice and with leave to renew in the event that the Government withdraws its opposition to his doing so. In this regard, the Court instructs the Government to notify the Court and Defendant, in writing, **within thirty (30) days of the date of this Memorandum-Decision and Order** of its decision regarding this issue; and the Court further

- 11 -

ORDERS that Defendant's motion pursuant to the "*Holloway* Doctrine," *see* 5:94-CR-150, Dkt. No. 543, is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 11, 2017
      Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge

- 12 -